By the Court.—Sedgwick, J.
It appears by the answer, that the securities held by the plaintiff, are *294 pledged for several debts. I think the learned, judge made no mistake in determining that the application of the securities to the payment of these debts would certainly involve a long account, and possibly, a very complicated one. In Maryott v. Thayer (39 Sup'r. Ct. p. 417), it was decided that a reference might be granted, if there were no other objection, although the only necessity for a long account upon the trial would arise from the nature of an affirmative defense by way of counter-claim. The fact that such an affirmative defense takes the shape of an equitable cause of action, used as a defense, does not take it out of the meaning of section 271 of the Code, in its first subdivision, unless an order of reference would invade some constitutional right of the defendant. Such a case as the present could not have occurred before the constitution of 1846, for then the equitable defense, alleged in the present answer (its validity as a defense not being in question on this appeal), could not have been interposed.
If the defense had not been made, the defendants’ right to a jury would have been clear. If he had chosen to make his equitable defense the subject of an action in equity, he, of course, would have had no right to a jury, but I understand the learned counsel for the appellant to claim, that he has by reason of the affirmative nature of his defense, a constitutional right to have it tried by the court. If the issues are thus classified, the defendant would have a right of jury trial as to part, and of trial by the court as to a part. If the defendant had brought an action in equity, the court would have power to refer it, so far as the provisions of section 271 are concerned, if it would involve the taking of a long account. Actions at law must be founded upon contract, to permit referring the issues. Actions in equity, are not subject to a limitation of that kind, but the counsel for appellant, suggests the doubt whether the constitution of 1846, and the amend- *295 meat of 1847, has not preserved to litigants the right to have, in equity cases, an adjudication upon the facts by the court. Before the constitution of 1846, the testimony was taken before masters, &c., but the adjudication was ty the chancellor or vice-chancellor. It is a constitutional provision that testimony in equity, shall be taken in the same manner as at law. I should be very reluctant.to come tc>such a conclusion, and it does not seem to me, necessary to examine it, for the reason that the defef 7-i.ifc had not brought an action in equity, but lias mad' ills plea in an action at law.
The action is subject to the provisions that govern actions at law. . The action is upon a contract, and to try the issues will require the examination of a long account. On the theoiy of the answer, if the plaintiff is entitled at law~to recover, he will not be at liberty to enjoy this legal right, if the defendant proceeds to show that other securities will pay the antecedent indebtedness. It is but an incident of the action, that the defendant may proceed, if he be successful, to affirmative relief in his behalf. The practice in relation to this incident should be subordinate to the rules that govern the principal issue.
The order should be affirmed, w ith ten dollars costs, and the disbursements to be t^xed.
Speir, J., concurred.